JOHN W. NICHOLS ET AL. v. JOS. B. DIBRELL.

(Case No. 5138.)

1. JUDGMENT, CONCLUSIVENESS OF.— The judgment of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and had decided, and a plea of *res judicata* applies to all such matters. Even the wife, when a litigant, is bound by this rule. For exceptions to the rule see opinion.

2. SAME.— Hence, when, in a suit involving title to a large tract of land, judgment is recovered, the unsuccessful party cannot, in a subsequent proceeding, litigate his right against the successful party to a homestead on a portion of the land, claim to which as a homestead had not been asserted in the first suit. The first judgment operated as an estoppel against the children of the unsuccessful party setting up homestead rights in the land.

3. BILL OF REVIEW.— One who seeks by bill of review to reopen litigation once concluded by a judgment against him must allege and prove facts showing that he was prevented from making a proper defense to the former action by fraud, accident, or act of the opposing party, without fault or negligence on his part.

APPEAL from Guadalupe. Tried below before the Hon. Everett Lewis.

Appellants, on the 2d day of January, 1882, brought suit against appellee, setting up their homestead in two hundred acres of land, and complaining that the appellee was trespassing upon the same and cutting down the timber, etc., and praying for injunction, etc. They obtained an order for a writ of injunction. Appellee filed a general demurrer and answer, setting up the plea of *res adjudicata*, and denying that the land was a part of the homestead of Nichols, or that it was ever used as such, or that it was contiguous to the homestead of Nichols, and charging that the suit was brought for the purpose of doing away with and nullifying the judgment pleaded in bar.

The death of John W. Nichols was suggested, and the children of Nichols made themselves parties plaintiff, and adopted the pleading of their parents. Appellee filed a "special demurrer and exceptions" to appellants' petition and replication, asking the court to strike out each clause of appellants' "first supplemental petition and replication," which motion was sustained by the court and a judgment rendered dissolving the injunction, and that plaintiff take nothing by his suit.

The pleadings in this suit, on the part of the plaintiff, revealed the character of the former suit and of the judgment rendered therein embracing the land, and sought by allegations to review that proceeding; but there was no statement showing that plaintiffs were prevented from making a proper defense in the former proceeding by fraud, accident or act of the opposite party, without fault or negligence on their part.

*Rust & Ehringhaus*, for appellant, cited: Res Adjudicata and Stare Decisis, secs. 3, 5, 14, 21; Smith's Leading Cases, vol. 2, 663 (6th Am. ed.); S. Packet Co. *v.* Sickles *et al.*, 24 How. (U. S.), 341 (S. C., 5 Wall. (U. S.), 592); Caruth *v.* Grigsby, 57 Tex., 259; Gaines *v.* Hennan, 24 How. (U. S.), 578, 579, and the authorities there cited; id., 340; Myers *v.* De Meza, 2 Woods (La. C. C.), 160–163; Cook *v.* Burnley, 45 Tex., 115; Teal *v.* Terrell, 48 Tex., 491; Aspden *et al. v.* Nixon *et al.*, 4 How. (U. S.), 467; Freeman on Judgments, §§ 120, 253 and note, 273, 274 (20 Am. Rep., 578); Withers *v.* Patterson, 27

Tex., 491; Hamblin *v.* Warnecke, 31 Tex., 91; Const. 1870, art. XII, sec. 5; Const. 1876, art. XVI, sec. 50; Shriver's Lessee *v.* Lynn *et al.*, 2 How. (U. S.), 43; Gray *v.* Brigriardells, 1 How. (U. S.), 636; Freeman on Void Judicial Sales, secs. 35, 42.

*W. E. Goodrich,* for appellee, cited: Howard *v.* North, 5 Tex., 290; Taylor *v.* Harris, 21 Tex., 438; Jones *v.* Taylor, 7 Tex., 240; Baxter *v.* Dear, 24 Tex., 17; Cayce *v.* Powell, 20 Tex., 767; 28 Tex., 532; 35 Tex., 295; 24 Tex., 22; 20 Tex., 791; Aspden *v.* Nixon, 4 How., 467.

WILLIE, CHIEF JUSTICE.— It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. Danaher *v.* Prentiss, 22 Wis., 316; Bates *v.* Spooner, 45 Ind., 493; Le Guen *v.* Gouerneur, 3 Johns. Cas., 605; Shettlesworth *v.* Hughey, 9 Rich., 387. Or, as differently expressed, "the plea of *res judicata* applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time." Aurora City *v.* West, 7 Wall., 106.

This court has frequently indorsed this principle and adhered to it whenever it has been called in question. Lee *v.* Kingsbury, 13 Tex., 68; Tadlock *v.* Eccles, 20 Tex., 782; Chilson *v.* Reeves, 29 Tex., 275; Webb *v.* Mallard, 27 Tex., 80; Cayce *v.* Powell, 20 Tex., 767; Taylor *v.* Harris, 21 Tex., 439; Baxter *v.* Dear, 24 Tex., 17.

It has been applied, as will be seen from the above authorities, to cases in which the wife was a party to the previous suit, and have held her bound by the judgment in the same manner as any other litigant. Howard *v.* North, 5 Tex., 290; Baxter *v.* Dear and Cayce *v.* Powell, *supra.*

The only exception, if such it can be called, is where the claim or demand in the one case is different from what it is in the other. For instance, where the former suit was upon different bonds from those upon which the second suit is founded. Cromwell *v.* County of Sac, 94 U. S., 351. Or where a wholly different tract of land is involved in one suit from what there was in the other.

In such cases it is held that in order to operate as a bar to another action, the point in question must actually have been litigated in the former suit. Cromwell *v.* County of Sac, *supra.*

It is sought to apply this exception to the present case, but it is clear that it has no pertinence to it whatever; for the pleadings show that the former suit between Dibrell and the plaintiffs involved the title to a tract of land which included the land upon which Dibrell is alleged in this case to have trespassed.

The only question then is, Was the homestead right such a defense as might have been put in issue and decided in the former action?

That action, according to the pleadings of appellants, was to establish title and recover the whole one hundred and ·twenty-nine and three-fourths acres, and it was claimed under an execution sale at which it was sold to Dibrell as the property of John W. Nichols, one of the original plaintiffs in this suit, and claimed by his wife, the other plaintiff. In such a case, of course, Dibrell had to recover on the strength of his own title. Anything which would have defeated that title could have been pleaded and proved by the defendants in that case. Hence, the appellants could have set up, not only that the property was at the time of Dibrell's purchase the separate property of the wife, but that it was the homestead of both of them, if it occupied that position at the time. If it did not, it could not have become so since, for it was impossible to acquire a homestead on Dibrell's land, decreed to him by the district and supreme courts.

It is evident, then, that the subject matter of the two suits is the same, and that the homestead claim of appellants which it was necessary to litigate in this cause might have been determined in the former action.

When a party has two defenses to a suit he must urge them both and have a decision upon them. He cannot divide up litigation into different suits by pleading one as a defense, and afterwards using the other as a means of attacking the title which has prevailed over his other defense. Williams v. Close, 12 La. An., 878; Schaeffer v. Scuddy, 14 id., 576.

It matters not that the suit in favor of Dibrell was to recover the land, and this to enjoin him from trespassing upon it after it was recovered. It is not the relief sought, but the matter alleged upon which the recovery proceeds, that creates the estoppel. Lord Ellenborough in Outram v. Morewood, 3 East, 346.

If, in the first suit, the court held that the matter alleged by Dibrell entitled him to recover the land from Nichols and wife, surely this included a finding that they could not enjoin him from cutting timber from it or otherwise making use of the land as his own property.

The homestead right is not of a character to make it an exception to the rule we have announced as to the plea of *res judicata.* It has been frequently attempted in this state to exempt it from the operation of the rule, but it has always been held that when it might have been pleaded in the former suit it was too late to set it up in the latter. Thus, where a mortgage has been foreclosed upon the homestead and a second suit has been brought by the purchaser at the mortgage sale, it is held that it is too late to set up the homestead right as a bar to the last action. See authorities already cited.

It is unnecessary to state that a judgment binding upon Nichols estops his children from setting up the homestead claim in the present suit. What we have said disposes also of the question as to the right to open the former decree and declare it a nullity because the homestead was involved in the cause; and the attempt to have that decree reviewed because of insufficient proof to support it does not demand our attention. That the bill of review could not be allowed upon the allegations in the pleadings is well settled by the decisions of this court. Johnson *v.* Templeton, 2 Tex. L. R., 269; 29 Tex., 14; 21 Tex., 183.

The court below properly struck out all the averments of the supplemental petition, and the plaintiff having declined further to amend, or to offer evidence under his pleadings as they then stood, the judgment was properly rendered for the defendant, and it is affirmed.

AFFIRMED.

[Opinion delivered May 9, 1884.]