## FITZGERALD MOOR v. SARAH P. MOOR.

### Decided January 7, 1903.

**1.—Res Adjudicata—Partition—Community Estate.**

Where there was a suit for partition of the community estate between the husband and wife after their divorce, and the judgment of partition therein gave to each party an undivided half of the estate, and determined for what sum the community was liable, such judgment was conclusive as to any claim of the husband against the community existing and known to exist at the time the judgment was rendered, and whether or not it was adjudicated in the partition suit.

**2.—Same—Maintenance of Child—Expense.**

Where the husband voluntarily expended money for the maintenance and education of a minor daughter after the decree of divorce, he could not charge the expenditure against the wife's half of the community estate, and a subsequent decree of partition of the community estate was res judicata of his right to reimbursement for such expenses out of the wife's half.

**3.—Same—Payment of Taxes.**

Where such partition judgment decreed that each party should recover of the other one-half of the community property; that the taxes for a certain year were a community debt for which the estate was liable, that the half interest allotted to each party should be liable for one-half of the debt; and that each party should have a lien on the other's interest for reimbursement of any payment in excess of such charge, such judgment was res judicata of the husband's rights, on paying the taxes, to charge them against the wife's interest.

**4.—Same—Interest.**

The husband was not entitled to charge interest on community debts and taxes paid by him against the wife's half of the estate, where the evidence showed that she had paid the half of the community debts charged to her, and he had not paid his half.

**5.—Same—Rents.**

The decree of partition having adjudged that all rents of the community estate collected by either party after its date and before final partition should be a part of the community, such amount was involved in the partition, and the final decree having charged a certain sum received by the husband for rents after the order for partition and before the final judgment, the judgment was res adjudicata as to such rents.

Appeal from the District Court of El Paso. Tried below before Hon. J. M. Goggin.

*Patterson & Buckler,* for appellant.

*Falvey & Davis,* for appellee.

JAMES, CHIEF JUSTICE.—The present case is the offspring of a previous litigation between the same parties, which was finally determined, as will appear from appeals in Moor v. Moor, reported in 24 Texas Civ. App., 150, 63 S. W. Rep., 347.

The plaintiff, Fitzgerald Moor, has brought this suit in reference to items of charge in his favor against the former community estate of himself and defendant, which items he alleges accrued after February 16, 1900, the date of the decree of partition, and before the final decree.

It appears he endeavored to have such items allowed or credited in the proceedings for final partition, but the court refused to do so, and therefore he claims there has been no adjudication between the parties as to such items, which consist of $832.27, interest paid for by plaintiff on community debts between February 1 and December 1, 1900; also $667.80, amount paid by plaintiff for education, support and mantenance of their minor daughter between said dates; $1213.02 taxes paid on community property between said dates; and $9135.73, cash paid out by plaintiff in the care, management, repair and improvement of the community estate between said dates. In addition to these four items plaintiff sets up a claim for $36,000 as the amount or value of his separate property,—cattle owned by him at the date of the marriage from which the community estate was derived,—this being asserted as a charge on the community estate. The prayer was "for judgment for the several matters, sums with legal interest, and for judgment establishing an equitable lien on said property in respect to said amounts."

The defendant pleaded general denial, and pleaded the judgment in the former suit as a former adjudication between the parties of all matters herein involved. The court appears to have given judgment sustaining the plea of res adjudicata as to all the items upon a hearing of testimony on the entire case. It seems to us that the judgment, that plaintiff take nothing by his suit, was the proper judgment on the facts developed.

We will consider first the claim of $36,000. Appellant insists that this was not a matter involved in the pleadings in the former proceeding; and hence does not fall within what was adjudicated, or what the court had authority to adjudicate in that case. We observe that plaintiff's right to be reimbursed for this sum out of the community, was by appellant presented and urged on the trial of that cause, and that in the motion for new trial the judgment was objected to because the claim was not admitted, and the matter assigned here as error on the appeal taken from the judgment, and the question passed on and decided against him on such appeal. 24 Texas Civil Appeals, on pages 156, 157. We presume the matter was also urged before the Supreme Court on the application made for a writ of error, which was denied. But it is unnecessary to investigate the record to ascertain how this issue stood in that case on the pleadings, because we think in the suit for partition of the common property which that proceeding certainly was, this character of claim should and must have been asserted, and the decree of partition is conclusive of it, whether set up or not. Wilson v. Sanger, 68 N. Y. Supp., 124; Ellwood v. Behmen, 100 Ind., 504; Caperton v. Hall, 83 Ala., 171; Jordon v. Von Epps, 85 N. Y., 427; Nichols v. Dibrell, 61 Texas, 539. The adjudication made was that each party was entitled to an undivided half of the property as against the other, and it was also determined for what sums the community was liable. When the wife asked for partition, alleging herself to be entitled to an undivided half of the property, and prayed that one-half

be adjudged and set apart to her, Moor was called upon to make all his defenses against such adjudication and relief, in whole or in part. For either party to continue to hold claims against the other in reference to the common property—claims known at the time to exist, and entering into and affecting the very matter in controversy—would be inconsistent with what was there determined.

The item of $667.80, that was expended by plaintiff for maintenance and education of a minor daughter, was an expenditure voluntarily made by plaintiff after the divorce, and he would have no right to look to his wife, or her interest in the property, for any of it. It was expended after the decree of partition which fixed the rights of the parties with reference to the property, and which adjudicated and defined what debts might be paid by one for which the interest of the other would be subject, and this character of expenditure was not contemplated nor provided for in such decree. Besides, as hereinafter shown, this item, along with all the others now set up, was asserted and decided against plaintiff in the final proceedings in the partition suit.

In reference to the item of taxes paid by plaintiff, $1213.02, this sum was the taxes on the property for the year 1899. In the decree of partition of February 16, 1900, the taxes of 1899 (stated in the decree to be $1200) were adjudged a community debt owed by the parties, for which the estate was liable. The aggregate of the community debts enumerated in this decree, which in terms included this $1200, amounted to $30,450, and it was decreed that each party recover of the other one-half of the property; that the half interest allotted to each should be liable for one-half of said debts, and each should have a lien on the portion of the other to reimburse him or her for any sum he or she might pay over and above one-half of said sum. The undisputed evidence is that plaintiff has not paid his half of said debts, although Mrs. Moor paid her half of same. Under these circumstances the matter has been adjudicated by the decree of partition, and the plaintiff does not appear to have any claim against defendant or her interest by reason of said taxes under the terms of the decree which dealt with the very subject.

As to the item of $832.27 interest paid by plaintiff on community debts: Interest accruing on the community debts mentioned in the decree is not in terms expressed in the decree, but it seems to us that as debts legally bear interest, such matter was contemplated and involved in the provisions entitling each party to reimbursement for the excess over one-half paid of such debts. If this view be correct, then this item is not shown to be properly chargeable to defendant, or against her interest in the property, for the same reasons that are given in connection with the item of taxes for 1899.

The uncontradicted evidence shows that Mrs. Moor has herself paid out as interest on the community debts the sum of $1213.02 in addition to her half of the debts, and all that plaintiff has paid out, including

this item of interest, does not equal the half of the debts he was adjudged to pay.

The decree of partition, as we have already stated, adjudicated what debts the community was subject to; it in terms included the item of taxes for 1899, and we think by its proper construction it would include also interest on such community debts, though this was not in terms expressed. If this is so, then the matter of interest, as well as the matter of taxes for 1899, was adjudicated in that decree, and plaintiff by virtue of its provisions would have a right to contribution for interest paid by him, in the event he paid more than one-half of the debts inclusive of such interest, and then with respect to the excess only. The facts show that his right to such relief has not arisen. If, however, such interest was not affected by the provisions of the decree, then plaintiff's remedy in regard to it would exist independent of the decree, if at all, and in this view of the law, the facts do not show plaintiff entitled at this time to any relief from Mrs. Moor's share of the property with reference to the interest paid by him, for the reason that the undisputed evidence is that she has herself paid such character of indebtedness in a greater amount than he has.

The remaining item is that for $9135.73 which plaintiff paid out of rents collected by him in making improvement of the community property in the interim between the decree of partition and the final partition.

We think this matter was adjudicated in that proceeding. The decree of partition of February 16, 1900, adjudicated that "all rents collected by either party after that date, up to the time when the final partition should be made under it, be and the same shall be a part of the common or community property of said parties as hereinafter provided," and this as well as all the other community was ordered to be divided. It therefore can not be said that these rents which plaintiffs collected after said decree were not dealt with by the decree and included in the property decreed to be partitioned. When the commissioners' report came to be acted upon, plaintiff Moor filed exceptions and cross-action thereto, contending that the report was unjust and inequitable in charging him with $9186.35 as rents received, because all the rents received by him he had used in improving the property in block 38 in El Paso, which the report allotted to Mrs. Moor; and because said rents were further used by him in paying interest, and the expenses of the daughter, that the commissioners were without jurisdiction or authority to make disposition of said rents, or to charge him with same.

It also appears that the matters affecting said commissioners' report were submitted to a jury, and they returned a verdict that the report of the commissioners be sustained. It further appears that plaintiff requested certain charges, based upon what he contended was undisputed evidence, which charges would have instructed the jury to not approve the report in so far as it charged him with said rents used by him in paying said taxes and interest, maintenance of the daughter,

and repairs on the property. These charges were refused, and on the appeal from the judgment entered upon the report and verdict, plaintiff assigned these very matters as error, and this court held that there was no error in charging him with these rents, for the reason, as stated in the opinion: "After the decree of partition was rendered, the appellant could not contract debts and make them a charge upon the community property, nor use the proceeds of community rents in the payment of debts voluntarily contracted by him after the rendition of said decree." 63 S. W. Rep., 352.

We conclude that the right of the parties to have the rents, collected after the original decree, partitioned between them was fixed by that decree, and the court undoubtedly had the power, if plaintiff collected such rents, to charge them to him in the final partition, or make any other ruling in regard thereto, and the propriety of charging him or not charging him therewith under the facts then existing was heard and determined, whether properly or improperly makes no difference now, and as to such item the plea of res adjudicata was correctly sustained.

We think the judgment rendered by the District Court is the correct one on the evidence introduced.

*Affirmed.*

Writ of error refused.