## DEATON v. SOUTHERN IRR. CO. et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 7, 1912.)

**1. HOMESTEAD (§ 122*)—ESTOPPEL TO CLAIM.**

No representations in a deed by a man and his wife, in the actual possession of homestead property, will defeat the exemption, though, if claimants are not in actual possession, representations amounting to fraud will prevent them from setting up the homestead claim as against persons acting on such representation without knowledge of the exemption claim.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 220–222; Dec. Dig. § 122.*]

**2. JUDGMENT (§ 713*)—RES JUDICATA.**

The judgment in bankruptcy proceedings, to which the beneficiary under a trust deed, executed by the bankrupt, was a party, which determined his rights under a trust deed and foreclosed his lien upon a part of the premises adjudicated not a homestead, was res judicata of the question whether the bankrupt was estopped by the recitals in the trust deed from asserting a homestead in any part of the land covered thereby, though the question of estoppel was not actually raised in the bankruptcy proceedings, as it should have been asserted therein, if at all.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1241; Dec. Dig. § 713.*]

**3. JUDGMENT (§ 682*)—RES JUDICATA—PERSONS BOUND.**

A purchaser of land at a sale in bankruptcy proceedings, foreclosing a trust deed executed by the bankrupt, was bound by a judgment adjudicating the bankrupt's homestead rights in the land to the same extent as the beneficiary under the trust deed, who was a party to the bankruptcy proceedings; and hence could not afterward claim that the bankrupt was estopped by recitals in the trust deed from claiming any part of the land as a homestead.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1203–1205; Dec. Dig. § 682.*]

**4. BANKRUPTCY (§ 188*)—JUDGMENT—CONCLUSIVENESS.**

A vendor's rights under his vendor's lien would not be affected by bankruptcy proceedings to which he was not a party.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–295; Dec. Dig. § 188.*]

**5. HOMESTEAD (§ 108*)—CLAIMS AGAINST—ENFORCEMENT.**

The purchaser of land, on which the vendor retained a vendor's lien, afterward executed a trust deed on a part thereof. In subsequent bankruptcy proceedings against the purchaser, to which the beneficiary in the trust deed was a party, a part of the land covered by the trust deed was adjudicated a homestead by a decree foreclosing the trust deed. Held, the purchaser at the sale being bound by such decree, though not a party to the proceedings, that the bankrupt and his wife, in order to protect their homestead as adjudicated, were entitled to have the nonexempt land purchased from the trustee in bankruptcy first sold to satisfy the vendor's lien existing against the entire premises.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 167; Dec. Dig. § 108.*]

Appeal from District Court, Wharton County; Wells Thompson, Judge.

Action by the Southern Irrigation Company against G. W. Deaton and others.

From a judgment for plaintiff, defendant named appeals. Affirmed.

W. L. Hall, for appellant. G. G. Kelley, for appellees.

MOURSUND, J. By deed, dated May 5, 1903, the Bay Prairie Irrigation Company conveyed to E. W. Turner lots 11 and 12, block 68, in the town of Lane City, Tex., expressly retaining in said deed the vendor's lien on such premises to secure the payment of two promissory notes, of even date with said deed, for $1,144.89 each, executed by E. W. Turner, payable to the order of Bay Prairie Irrigation Company, bearing 8 per cent. interest per annum, and providing for 10 per cent. attorney's fee, if collected by suit. One of said notes became due November 1, 1903, and the other November 1, 1904. On November 1, 1903, $1,094.15 was paid on the first note, and on November 30, 1904, $950 was paid on the second note. The Southern Irrigation Company became the owner of said two notes, in due course of trade, for a valuable consideration.

On January 18, 1904, E. W. Turner and wife, Lula Turner, executed and delivered to W. A. Gaffert, as trustee for the Deaton Grocery Company, a deed of trust on said two lots to secure the payment of three notes to the Deaton Grocery Company, aggregating $5,000, and also to secure said company in future advances to be made to E. W. Turner. The deed of trust contained the statement that the property therein conveyed formed no part of any property owned, used, or claimed by E. W. Turner and wife as exempted from forced sale under the laws of the state of Texas, and that they disclaimed and renounced all and every claim thereto under such law or laws, and designated 100 acres out of the Nacaria Mancha league in Wharton county, Tex., as their homestead, and as constituting all the property of nature similar to that therein conveyed, owned, used, or claimed by them as exempted under said laws.

On November 30, 1904, E. W. Turner filed in the United States District Court at Galveston a voluntary petition in bankruptcy, and was adjudged to be a bankrupt, and J. W. Vann appointed trustee of his estate. The trustee duly qualified and took charge of the estate, including said lots. On February 28, 1905, the United States District Court entered an order, designating all of said lot No. 12 and a part of lot No. 11 as the homestead of E. W. Turner, but held that a portion of lot 11 was not homestead, which portion is described as follows: Being a part of lot No. 11 in block No. 68, and out of the D. D. D. Baker augmentation. Beginning at the south corner of lot No. 11 in said block; thence north, 63 deg. and 20 min. east, with the southeast line of lot No. 11 to the corner of

the building thereon, known and described as the "Knights of Pythias Building," and at the same time known and described as the "Delaney Saloon Building"; thence north 26 deg. 40 min. west with the end of said building 27 feet 7 inches to its west corner; thence south 63 deg. 20 min. west with the side of said building to the northeast side of the reservation for the Cane Belt (G., C. & S. F. Ry. Co.) right of way; thence south 26 deg. 40 min. east to the place of beginning.

Thereafter said United States District Court made and entered an order, decreeing that the Deaton Grocery Company, under its deed of trust, had a valid lien upon the portion of lot 11 held not to be a part of the homestead of Turner, and ordered same sold in satisfaction of such lien. In obedience to this order, said part of lot 11 was duly sold by the trustee and purchased by appellant for the sum of $675, which amount was paid over to the Deaton Grocery Company. A deed was duly executed and delivered by the trustee, J. W. Vann, to appellant for the premises sold. The Southern Irrigation Company did not file its vendor's lien notes in the bankruptcy proceedings, and neither the Bay Prairie Irrigation Company nor the Southern Irrigation Company was a party in the bankruptcy proceedings.

On April 25, 1906, Southern Irrigation Company instituted this suit against the Deaton Grocery Company, G. W. Deaton, E. W. Turner and his wife, Lula Turner, for the balance due upon the two vendor's lien notes, executed by E. W. Turner to the Bay Prairie Irrigation Company, and for interest and attorney's fees, alleging that on the first note there was due a balance of $95.24 on November 1, 1903, and on the second note a balance of $336.63 on November 30, 1904.

The Deaton Grocery Company filed a general denial. G. W. Deaton, by his amended answer, after demurrer and general denial, set up the execution of the deed of trust before mentioned, the representations therein made by Turner and wife concerning homestead exemptions, the proceedings in bankruptcy, the sale to him of the part of lot 11 by J. W. Vann, trustee, and contended that plaintiff had no lien on the portion of lot 11 sold under the bankruptcy proceedings. He prayed that, should it be held that plaintiff had a lien upon said lots, then it be foreclosed only upon lot 12 and that portion of lot 11 owned by said E. W. Turner, and that it be decreed that plaintiff had no lien on the part of lot 11 bought by him, and that in no event should the property bought by him be charged with more than its proportionate part of plaintiff's indebtedness, which was alleged to be one-eighth.

E. W. Turner and wife, Lula Turner, admitted the indebtedness claimed by plaintiff, but alleged that lot 12 and the rear part of lot 11 constituted their business homestead, and was set apart to them by the decree in the bankruptcy proceedings of E. W. Turner in the federal court. They prayed that the decree of foreclosure be so rendered as to require the portion of lot No. 11 sold to appellant by the trustee to be first sold for the satisfaction of the plaintiff's debt, and such other relief as to the court might seem necessary and proper.

On November 29, 1910, judgment was rendered by the court in favor of the Southern Irrigation Company against the defendant E. W. Turner for $647.20, and the further sum of $64.72, attorney's fees, with interest on said sum of $647.20 from date of judgment at the rate of 8 per cent. per annum, and interest on said sum of $64.72 from date of judgment at the rate of 6 per cent. per annum, and for costs of suit. Also against all of the defendants for foreclosure of plaintiff's vendor's lien on said lots 11 and 12, block 68, in the town of Lane City. The judgment provided that an order of sale issue to the sheriff or any constable of Wharton county, directing him to first seize and sell that part of lot 11 conveyed by J. W. Vann, trustee, to G. W. Deaton, and, if the proceeds of the sale of such portion should be insufficient to satisfy the judgment, then to sell the remainder of said lots in satisfaction of the judgment; but, if the proceeds of the sale of the part so conveyed to G. W. Deaton by J. W. Vann should be more than sufficient to satisfy the judgment and costs and expenses of sale, then the surplus to be delivered to G. W. Deaton. From this judgment G. W. Deaton has appealed.

Appellant's three assignments of error complain of the judgment of the court, in so far as the same required that portion of lot 11 conveyed to him by J. W. Vann, trustee in bankruptcy, to be first sold for the satisfaction of the judgment. Briefly stated, his contention is that lot 12 and that part of lot 11 owned by Turner should be first sold for the satisfaction of the judgment, and, in the alternative, should such rule not be correct, then that the portion of lot 11 conveyed to him by J. W. Vann, trustee, should only be sold for its proportionate part of the judgment; the same being worth $500, and the Turner part worth $4,000.

It is contended by appellant that E. W. Turner and wife are estopped from setting up their homestead rights in any portion of the premises on which the deed of trust was executed to Gaffert, as trustee for the Deaton Grocery Company, because of the representations made in such instrument to the effect that no part of the premises constituted their homestead, and that they had a homestead, which was described in the instrument. The record does not disclose what use was made of the premises at the time of the execution of the deed of trust, nor whether the notes were given for an antecedent indebtedness or for money then ad-

vanced, nor whether any future advances were in fact made. In the briefs of both parties, the statement is made that the deed of trust was given for a debt then due. This being the condition of the record, we cannot say that the Deaton Grocery Company was injured by the representations, nor that such company was justified in acting upon the same by the manner in which the property was used.

[1] In the case of Thompson Savings Bank v. Gregory, 36 Tex. Civ. App. 582, 82 S. W. 804, the doctrine applicable to this question is announced as follows: "It seems to be well settled that, where a married man is in actual possession of property, using the same as a home, no representations of himself and his wife will defeat the exemption; it being held that those dealing with them cannot ignore the notice conveyed by its actual use as such. Texas Land & Loan Co. v. Blalock, 76 Tex. 85 [13 S. W. 12]. But it is equally well settled that, where claimants are not in actual possession, subjecting the property to homestead use, representations amounting to fraud will estop them from setting up the claim, as against parties acting on such representations in ignorance of the homestead claim. Thompson Savings Bank v. Gregory, 59 S. W. 622; Mortgage Co. v. Norton, 71 Tex. 683 [10 S. W. 301]; Moerlein v. Mortgage Co., 9 Tex. Civ. App. 415 [29 S. W. 162, 948]."

Under the rule stated, the evidence in this case was not sufficient to show that Turner and wife were estopped to claim their homestead exemption.

[2, 3] However we do not think the decision of that question necessary to the disposition of this case, because in the United States District Court, in the bankruptcy proceedings on the estate of E. W. Turner, it was adjudged that all of lot 12 and all that portion of lot 11 not sold by J. W. Vann to Deaton constituted the business homestead of E. W. Turner. The Deaton Grocery Company was a party to these proceedings, and in said court had its rights under the deed of trust determined, and its lien under such instrument foreclosed upon that portion of the premises held not to be a part of Turner's homestead, and had the same sold for the satisfaction of its debt. The appellant purchased under such sale, and is chargeable with notice of all the proceedings leading up to it. While the record does not show that the question of estoppel by reason of the representations in the deed of trust was raised in the bankruptcy proceeding, yet it was a vital issue, and should have been asserted, and the decree in the bankruptcy proceeding is conclusive of it, whether set up or not.

In Freeman on Judgments (page 249), the following language is used: "An adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject-matter of the litigation and every matter coming within the legitimate purview of the original action." The case of Nichols v. Dibrell, 61 Tex. 539, quotes with approval the following statement of the rule: "The plea of res adjudicata applies, not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time." In that case it was held that, where homestead might have been pleaded in a former suit, it was too late to set it up in a subsequent suit. The same rule applies to a defense which would defeat homestead rights. The Deaton Grocery Company was estopped from thereafter disputing Turner's homestead claim, and G. W. Deaton, who purchased the claim of Deaton Grocery Company as it was adjudged to exist, could be in no better attitude. Moor v. Moor, 31 Tex. Civ. App. 137, 71 S. W. 794; Moore v. Snowball, 98 Tex. 24, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596; Freeman v. McAnich, 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79; Werlein v. New Orleans, 177 U. S. 401, 20 Sup. Ct. 682, 44 L. Ed. 817.

[4] Neither the Southern Irrigation Company nor the Bay Prairie Irrigation Company was a party to the bankruptcy proceedings, so the Southern Irrigation Company's rights under its vendor's lien are not affected thereby.

[5] The vendor's lien being paramount, and Turner and wife's homestead rights being established in a manner binding upon appellant, he is in the same position as if, after the purchase of the lots, Turner had designated his homestead as the same was established by decree, and had then given Deaton a deed of trust on the portion conveyed to Deaton by J. W. Vann, trustee. This being the case, Turner and wife had the right, for the protection of their homestead, to have the portion so purchased by appellant from the trustee in bankruptcy sold first for the satisfaction of the vendor's lien existing against the entire premises, as was decreed by the court. Henkel v. Bohnke, 7 Tex. Civ. App. 17, 26 S. W. 645; Baughn v. Allen, 68 S. W. 207; Pridgen v. Warn, 79 Tex. 595, 15 S. W. 559; King v. Shoe Co., 21 Tex. Civ. App. 217, 51 S. W. 533.

We find no error, and the judgment is affirmed.