## No. 6461.

POLICE JURY OF THE PARISH OF PLAQUEMINES VS. JAMES FOULHOUZE ET AL.

The right to an office will not be considered on any rule taken in this court.

If it appears from a scrutiny of all the provisions of an act of donation *inter vivos* that it was the real intention of the donor, and of the donees, that the land conveyed by the act should be dedicated to public use, such land will be held as thus dedicated.

Property dedicated to public use is not liable to seizure and sale.

Property held by a municipal corporation in trust for public uses can not be alienated by the corporation, nor subjected to seizure and sale by any of its creditors.

Where a certain tract of land has been dedicated to public use—the whole of it remains thus dedicated, although only a part has been actually put to public use. Nor is this dedication at all impaired because a part of the land has been temporarily leased to private individuals.

APPEAL from the Second Judicial District Court, parish of Plaquemines. *Pardee*, J.

*R. T. Beauregard*, District Attorney *pro tem.*, and *Henry Chiapella* for plaintiff and appellee.

*E. Howard McCaleb* for defendants.

The opinion of the court was delivered on the rule by

MANNING, C. J., and on the merits by SPENCER, J.

Mr. R. T. Beauregard applied to this Court to be recognized as District Attorney *pro tempore* of Plaquemines Parish, and exhibited a commission therefor. The order was made, though there was no occasion for either the application or the order. Shortly thereafter he filed a motion in this cause, and thereupon T. A. Flanagan took a rule upon him to shew cause why this order of recognition should not be rescinded,

Police Jury of the Parish of Plaquemines vs. Foulhouze et al.

this relator alleging that he is the legal District Attorney *pro tem.* of that parish.

This has the appearance of an attempt to determine the contestation for an office under the guise of this rule to rescind an order. We shall take no action in the case until it has been determined, judicially or otherwise, who is the person to represent the parish in this suit.

We shall dismiss the rule, and rescind the order of recognition, thus restoring all parties to the *status quo* and

It is accordingly so ordered.

## On the Merits.

Spencer, J. Defendants being judgment creditors of the parish of Plaquemines issued execution, seized and advertised for sale " a certain tract of land  *  *  having and measuring one arpent front by thirty-six arpents in depth, bounded in front by certain lands belonging to the parish of Plaquemines on which are situated the Court House and jail of said parish, etc."  *  *  *  The said land being the thirty-six rear arpents of a certain tract, acquired by defendant, the parish of Plaquemines, from Jacques Larose by Act of Donation *inter vivos* passed before Ed. Barnett, notary, etc., on the twentieth of June, 1846." The land thus seized, together with that referred to as containing the Court House and jail, constituted a tract which, as stated, was donated by Larose, " *to the inhabitants of the parish of Plaquemines.* " The Act of Donation contains the following clauses : the donor declares "that he does by these presents make donation *inter vivos*, gratuitous and irrevocable, unto the inhabitants of the parish of Plaquemines in this State, their heirs and successors, herein represented by Messrs. Andre Casse, Geo. N. Johnson and Geo. N. Buford, duly authorized, etc., by the police jury of said parish, accepting the same for said inhabitants, and acknowledging possession thereof, a certain arpent of land, etc." —describing the land aforesaid—" To have and to hold the said arpent of land and appurtenances, unto the said inhabitants, etc., to their proper use and behoof forever. "

" The present donation is made on the express condition that said inhabitants shall build and erect the Court House of the aforesaid parish on the piece of ground herein above described. "

The Court House and jail were erected on that part of said tract fronting on the Mississippi river. It seems that the police jury in 1875 leased the rear portion of said tract—the thirty-six arpents now seized— to one Cantrelle, who cultivated it in rice.

The police jury send out this injunction against the sale of said land under execution as aforesaid, on the ground that the same had been dedicated to public use and was "*hors de commerce.*"

The Court *a qua* so held, and the defendants appeal.

There can be no doubt that Larose, by said donation, intended to set apart the land in question to a public use. He declares that the donation is made "on the express condition" that the donees should build the Court House thereon. The appellants in their argument admit that this was *the motive* which induced the donation, but say it was not a *condition of the donation.* It matters not whether this stipulation was or was not a *condition* in the technical sense of that term. It is the duty of this court to ascertain *the intent,* "the motive" actuating the parties, and to give effect thereto if not unlawful. The right of Larose to dedicate this piece of property to public uses is not disputed. If such was the motive and intent which actuated him to make the donation—and if the donation was accepted for the purpose intended by the donor, it would seem past all controversy that the act of donation was intended to, and did, dedicate the property given to the use of the public.

Property dedicated to public use can not be the subject of private ownership. It is out of commerce, and not liable to seizure. R. C. C. 449, 454, 455, and 458. Police Jury of Baton Rouge vs. Michel 4 A. 84, 7 A. 595, 18 A. 560, 2 A. 527, 21 A. 244, 29 A. 38, 630—Dillon on Municipal Corporations, Sec. 531.

It is, perhaps, not unworthy of note that this donation is made "to *the inhabitants*" of the parish of Plaquemines, and not to the parish in its corporate capacity. If the corporation can in any sense be deemed the owner or holder of the property donated, it owns or holds it, by the very terms of the act, "for the proper use and behoof forever" of the inhabitants.

"A municipal corporation has *no implied or incidental authority to alien or dispose of* for its own benefit property dedicated to, or held by it, in trust for the public use, nor can it extinguish the public uses in such property, nor is such *property subject to the payment of the debts of the municipality.*" Dillon on Municipal Corporations, Sec. 512.

"Municipal corporations possess the incidental or implied right to alienate or dispose of their property, real or personal, of a private nature, unless restrained by charter or statute : they can not, of course, dispose of property of a public nature, in violation of the trusts upon which it is held, nor of the public squares, streets or commons. The distinction is between property which a corporation may own, the same as a natural person, and that which it holds in general or special trust." Dillon on Municipal Corporations, Sec. 445.

What the corporation can not itself do directly, can not be done indirectly by judicial process.

We see no significance whatever in the fact that the whole of the donated tract is not in actual public use. It suffices that the public has a right to use. Nor does the fact that the part seized was cultivated in rice in 1875, under lease from the parish, operate to deprive the public of its rights of use. We have just seen that the parish can not directly or indirectly divest the property of its public character. How much of said property is or is not needed for the use of the public, is not, in its nature, a judicial question. It suffices for us to know that the public *has a right* to the use of *the whole,* and, for aught we can know, may have some day *necessity* for its use. Fifty years hence the Court House and jail may be, by encroachments of the river, driven to what is now the rear arpent of the tract. But these are considerations with which this Court has nothing to do. We must ascertain and enforce the rights of parties—which are governed by the law and not by the river.

There is no error in the judgment appealed from and it is affirmed with costs of both courts.