# WERLEIN v. NEW ORLEANS.

## ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 189. Argued March 16, 1900. — Decided April 16, 1900.

The city of New Orleans commenced an action in March, 1895, in the Civil District Court for the Parish of Orleans, in Louisiana, to recover from Werlein a tract of land of which he was in possession, having acquired title under the following circumstances: In March, 1876, one Klein commenced an action against the city, to recover principal and interest on certain city bonds, and obtained judgment for the same in 1876. Under a writ of *fieri facias* real estate of the city was seized to satisfy the judgment, and was advertised for sale. The city commenced a suit against Klein to prevent the sale, and obtained an interlocutory injunction. After hearing this injunction was dissolved, and the complaint was dismissed. The property was then sold under the judicial proceeding to a purchaser through whom Werlein claims title. This suit was brought by the city to set aside that sale, on the ground that it was null and void, because the real estate was dedicated to public use long before the alleged sale, and formed part of the public streets of New Orleans; that it was not susceptible to alienation or private ownership or private possession. Judgment was rendered in favor of the city, which was affirmed by the Supreme Court of the State. *Held:*

Statement of the Case.

(1) That this court had jurisdiction to revise that judgment:

(2) That if there were no question of a prior judgment, proof that the land had been properly dedicated for a public square to the public use, and therefore had been withdrawn from commerce, would furnish a defence to the claim by any person of a right to sell the property under an execution upon a judgment against the city:

(3) That as the city did not set up that defence, although it was open to it to do so, in the former action, it could not set it up now:

(4) That although the city holds property of such a nature in trust for the public, that fact does not distinguish it from the character or in which it holds other property, so as to bring the case within the meaning of the rule that a judgment against a man as an administrator does not bind him as an individual:

(5) That the former judgment should have been admitted in evidence upon the trial of this action.

THIS action was commenced in March, 1895, by the city of New Orleans in the Civil District Court for the parish of Orleans in the State of Louisiana, for the purpose of recovering from the defendant below, Philip Werlein, a certain lot of land situated in that city and described in the petition and of which he was in possession. The facts upon which the suit was brought are as follows:

In March, 1876, one John Klein, a citizen of the State of Mississippi, commenced an action against the city of New Orleans in the Circuit Court of the United States in the District of Louisiana, for the recovery of over $89,000 and interest upon certain bonds issued by that city, and fully described in the plaintiff's petition. The city filed an answer denying all and singular the allegations contained in the plaintiff's petition. The case came on for hearing before the court without a jury, a jury being waived, and resulted in a judgment for the plaintiff against the city for the sum of $89,000, with six per cent interest, as stated in the judgment, which was entered on May 2, 1876. The plaintiff, in order to obtain satisfaction, issued a *fieri facias* on the judgment to the marshal, who thereupon seized and took into his possession all the right, title and interest of the city in and to the portion of ground described in the marshal's return to the writ (and being the premises in question) and advertised the property for sale. The city of New Orleans thereupon commenced an action against Klein

in the United States Circuit Court for the Eastern District of Louisiana, to prevent him from selling the property under his judgment.

In its bill of complaint the city alleged the recovery of judgment by Klein against the city, that he had issued a writ of *fieri facias* upon such judgment for the purpose of enforcing satisfaction of the same and had seized under the writ the property already described, which was advertised to be sold on a day named in the bill, and that Klein had no right to issue the writ in that suit, or to cause the seizure, advertisement or sale of the property thereunder, for the reasons and causes stated in the bill, which were, (1) that he had registered the judgment in the office of the administrator of public accounts for the city of New Orleans in accordance with an act of the legislature passed in the year 1870, and, therefore, had no right to issue any writ for the collection of the judgment against the city; (2) because Klein had assigned and transferred all his interest in the judgment before the writ was issued, to certain parties named; (3) that the writ upon which the property had been seized and advertised to be sold had issued for a larger sum than was due on the judgment: the city therefore prayed for an injunction restraining Klein, his attorneys and agents, from proceeding further in the advertisement and sale of the property under the writ; that the seizure of the property by the marshal might be adjudged to be illegal and void, and for general relief.

An order to show cause why an injunction *pendente lite* should not issue was granted, and upon a hearing it was ordered to issue.

The defendant Klein answered the bill, admitted the seizure of the property, and that it was advertised for sale; also, that he had procured his judgment to be registered as alleged in the bill, but denied that he thereby lost or forfeited any other remedy for the enforcement of the judgment, especially that of an ordinary execution; admitted the assignment of his judgment, but alleged that it was only as a security or pledge, and denied that the writ issued for a larger sum than was due, and he therefore asked that the injunction *pendente lite* might be

dissolved, the perpetual injunction denied, and for such further relief as might be proper.

The case came on for hearing on bill and answer, and the court "Ordered, adjudged and decreed that the interlocutory injunction issued be dissolved, an injunction refused, and complainant's bill of complaint dismissed with costs." The judgment was signed June 19, 1878.

After the entry of the judgment dissolving the injunction and dismissing the bill, the marshal took proceedings to sell the property which he had seized, and on August 21, 1878, sold the same to Andrew C. Lewis, the highest bidder, through whom by several mesne conveyances the appellant claims title, and from the time of the above sale he or his grantors have been in possession.

The petition in the present suit, filed by the city, describes the premises in question, and alleges that the defendant, appellant herein, is in possession thereof, and unjustly claims title thereto with the improvements thereon, valued in all at $15,000. The city avers that the defendant is not and never was the owner of the property, and that his only alleged title thereto is derived through mesne conveyances from a sale made by the United States marshal to Andrew C. Lewis, as above stated. The city further alleges that the sale by the marshal to Lewis was absolutely null and void, and that no title or right whatever in or to the property passed by that sale to Lewis or through him to the defendant herein; that the property was dedicated to public use long prior to the date of the marshal's sale, by Bertrand and John Gravier, and that it forms part of the place Gravier, in the Faubourg St. Mary, in the city of New Orleans, and that the property was at the date of the marshal's sale and has ever since been unsusceptible to alienation or private ownership or of private possession, and that the defendant's possession is illegal and in bad faith. The petition further alleges that the city was invested by law with the administration and possession, for the public benefit, of all property in the city dedicated to public use, and that it had the right to sue for the recovery of the possession of and to establish the title and right of use of the public to any such property,

and the petition therefore prayed that the city might have judgment against the defendant, decreeing the property purchased at the sale to be property dedicated to public use, and recognizing plaintiff's right to the possession and administration of the same, and ordering the defendant to deliver to plaintiff possession of the property free from all incumbrances, and for costs.

The defendant answered the bill, and set up therein the recovery of the judgment of Klein against the city, the seizure of the property thereunder, the commencement of suit by the city to enjoin the sale of the property, and the judgment of the court thereon dismissing that bill and dissolving the injunction, and defendant therefore alleged that the right of Klein to proceed and sell the land described in the petition, under his execution, was in and by that judgment recognized, affirmed and established, and such right was therefore *res judicata.*

Other defences were set up denying that the land had in fact ever been dedicated to public use or that it had ever been so used; also alleging that the city had regularly collected taxes upon the property ever since its purchase by Lewis, (more than fifteen years,) and that by reason of the facts the city was estopped from maintaining its action.

Upon these pleadings the parties went to trial, and the plaintiff, after giving evidence tending to prove its case, admitted that the defendant held a regular chain of title from and through Lewis, the purchaser of the land under the sale by the United States marshal, but denied the validity of such title. The defendant offered in evidence an exemplification of the proceedings and judgment in the suit brought to enjoin the sale by the marshal, which offer was made for the purpose of proving the plea of *res judicata.* The plaintiff objected to the evidence on the ground that the cause of action involved in the suit was not identical with the cause of action in the suit on trial, because the sole and only issues decided in the other suit were whether John Klein, having registered his judgment against the city of New Orleans in the office of the comptroller, pursuant to a statute of the State, and having elected that method of collecting his judgment, had not waived his right to pursue any other

method of collection; also whether John Klein was the owner of the judgment, and if so, whether he was estopped by having registered in the office of the comptroller a transfer of the same, and also whether the judgment was not subject to certain credits; whereas the issue involved in this case was whether the property upon which it is alleged the execution was levied and the property sold was legally subject to such seizure and sale; also that the thing demanded in the other suit was not the same thing demanded in this suit, the prayer in the other being for an injunction restraining Klein from selling the property in dispute, whereas the thing demanded in this case was a decree declaring the sale effected by Klein absolutely null and void. The court sustained the objection and refused to admit the evidence, and the defendant duly excepted.

Oral evidence was then given for the purpose of sustaining the other defences set up by the defendant, and the trial having been concluded, the judge made a finding in favor of the complainant, and judgment was thereupon entered decreeing that the property described therein was property dedicated to public use, and that the right of the city to the possession and administration of such property must be recognized, and the defendant was ordered to deliver possession of the property to the city free from all incumbrances.

An appeal was taken from the judgment to the Supreme Court of the State of Louisiana, where it was affirmed, and the defendant below has brought the case here on writ of error.

*Mr. Edwin T. Merrick* for plaintiff in error.

*Mr. R. A. Tichenor* for defendant in error. *Mr. Samuel L. Gilmore* filed a brief for same.

MR. JUSTICE PECKHAM, after stating the facts, delivered the opinion of the court.

The defendant in error has made a motion to dismiss the writ of error on the ground of want of jurisdiction. We think it must be denied. The sole question in the case is in regard to the validity of the exception to the decision of the trial court

refusing to admit in evidence the judgment recovered in the United States Circuit Court in the action of the city of New Orleans against Klein.

The defendant herein in his answer specially set up such judgment, and claimed that under and by virtue thereof the city was concluded from maintaining its action; the state court refused to give effect to the judgment, and the denial of this right was excepted to by the defendant, and was also assigned as error in the state Supreme Court. In such case we think a Federal question exists. *Pittsburgh, Cincinnati, &c., Railroad* v. *Long Island Trust Company*, 172 U. S. 493, 507, and cases there cited; *Phœnix Insurance Company* v. *Tennessee*, 161 U. S. 174, 184. Whether full faith and credit have been given the judgment of a Federal court by the courts of a State is a Federal question, and that question exists in this case.

Upon the merits we have simply to inquire whether the courts below erred in their decision refusing to admit in evidence the judgment in the chancery suit above mentioned.

The judgment in that suit was between the city as complainant and Klein as defendant, and it had reference to the proceedings of the marshal in the execution of his writ issued upon the judgment of Klein against the city. The defendant in this suit traces his title back to Lewis, who purchased upon the sale under the marshal's writ, and so when the defendant is sued in this action he stands as privy to one of the parties to the chancery suit, and can claim the same rights in the judgment therein as an adjudication, which Lewis or Klein could have claimed if either were in possession of the property, and this suit had been brought against the one in possession.

The law in relation to the effect of a judgment between the same parties is well known, but its proper application to particular cases is sometimes quite difficult to determine. The following authorities treat of the subject very fully and exhaustively: *Cromwell* v. *County of Sac*, 94 U. S. 351; *Davis* v. *Brown*, 94 U. S. 423; *New Orleans* v. *Citizens' Bank*, 167 U. S. 371; *Southern Pacific Railroad* v. *United States*, 168 U. S. 1; *Delabigarre* v. *Second Municipality of New Orleans*, 3 La. Ann. 230; *Slocomb* v. *Lizardi*, 21 La. Ann. 355.

In the first cited case, it was said that a former judgment between the same parties (or their privies) upon the same cause of action as that stated in the second case constitutes an absolute bar to the prosecution of the second action, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Where the second action between the same parties is upon a different claim or demand, the judgment in the former action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered.

So in *Davis* v. *Brown, supra,* Mr. Justice Field, in delivering the opinion of the court, said in speaking of a prior judgment: " The judgment is not only conclusive as to what was actually determined respecting such demand, but as to every matter which might have been brought forward and determined respecting it."

In *New Orleans* v. *Citizens' Bank,* (*supra,* at p. 396,) Mr. Justice White, speaking for the court, said: " The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has under identical circumstances and conditions been previously concluded by a judgment between the parties or their privies."

To the same effect is *Southern Pacific Railroad* v. *United States, supra.*

The same rule is substantially laid down in the cases above cited from the Louisiana reports.

Now, what was the demand and what was the thing adjudged in the chancery suit between the city of New Orleans and Klein? In that suit the city alleged that Klein had seized under a writ of *fieri facias,* in his action against the city, certain property which was described in the complainant's bill, which he threatened to sell, and which was advertised to be sold on a certain day, and the city alleged " that the said John Klein has no right to issue the said writ of *pluries fieri facias*

in said suit, or to cause the seizure, advertisement and sale of the said property thereunder," and it set forth in its bill the grounds (already stated) for such an allegation.

The sole cause of action was the apprehended and threatened sale of the property, which sale, the complainant alleged, would be illegal. All the other facts set up in the bill were but the grounds justifying and proving, as contended, the allegation that Klein had no right to sell the property, and it was this illegality of the threatened sale that was the sole cause or foundation of the action; it was the matter in dispute and the subject of contest. If the property were not legally subject to seizure and sale, then it would clearly be an illegal sale if consummated, and that fact would be material in proof of the cause of action of the city.

Upon the trial the court adjudged that defendant had the right to sell the property, and it therefore dissolved the injunction and dismissed the bill, and judgment to that effect was duly signed and entered. This would seem to be a full and complete adjudication upon the right of defendant Klein to sell the property seized under his writ. That right would not exist if the property were not the subject of a legal sale. Whether or not it was thus subject was an inquiry which the court would have had jurisdiction to make had it been alleged in that suit.

It is, however, contended that as the city had only set up certain facts as the foundation of its action to prevent the alleged illegal sale of the property, the judgment only bound it as to those facts, and therefore it is now urged that the city in this action was at liberty to prove other facts which would also show that Klein had no right to sell the property, namely, that the property had long before the sale been dedicated to public use, and the city therefore had no right to alienate it, nor had any one the right to sell it upon an execution issued on a judgment against the city.

It is not disputed that if there were no question of a prior judgment in this case, proof that the land had been properly and duly dedicated for a public square to the public use and therefore had been withdrawn from commerce, would furnish a defence to the claim by any person of a right to sell the prop-

erty under an execution upon a judgment against the city. *New Orleans* v. *United States*, 10 Pet. 662, 731, 736 ; *Police Jury* v. *Foulhouze*, 30 La. Ann. 64; *Police Jury* v. *McCormack*, 32 La. Ann. 624; *Kleine* v. *Parish of Ascension*, 33 La. Ann. 562; *Leonard* v. *City of Brooklyn*, 71 N. Y. 498.

Assuming the law to be as thus stated, the question in this case is, what effect has this judgment under discussion upon the rights of the parties?

The fact now alleged would have furnished in the chancery suit but another ground or reason upon which to base the claim of the city, that Klein had no right to sell the property under his writ. In other words, it would have been additional proof of the cause of action set forth in that suit. The city would have had the right to set that fact up in its bill and to have proved it on the trial, and, if proved, it would have been foundation for a judgment enjoining the sale of the property; but the fact would have been nothing more than evidence of the right of the city to obtain the injunction asked for in the chancery suit, and we think it was the duty of the city to set up in that suit and to prove any and all grounds that it had to support the allegation that Klein had no right to seize or sell the property.

The threatened sale might have been illegal for a number of reasons, based upon widely divergent facts, but whatever those reasons were, the facts upon which they rested were open to proof in the chancery action, and if the city desired the benefit of them, they should have been alleged and proved. It would seem to be quite clear that the plaintiff could not be permitted to prove each independent fact in a separate suit. Suppose the city had only set up the fact of the registry of the judgment as a ground for enjoining the sale, and after a trial on that issue it had been beaten and judgment had gone against it, could the city after that have commenced another suit for the same purpose, and set up as a ground for the alleged illegality of the sale the assignment of the judgment by Klein? In such second action would not the judgment in the prior action conclude the city? If not, then on being beaten on a trial of that issue the city could commence still another action

based on the allegation that the judgment had been paid. Thus, as many different actions as the city might allege grounds for claiming the sale would be illegal could be maintained *seriatim*, and no one judgment would conclude the city except as to the particular ground upon which the city proceeded in each particular case. And yet all these different grounds would simply form evidence upon which the original cause of action was based, namely, the alleged illegality of the apprehended sale. They would form simply separate facts upon which the cause of action might rest. There is no difference in the nature of the ground now urged in this case from the other grounds actually set up in the chancery suit.

It is true that in the chancery suit the thing demanded was an injunction restraining Klein from selling the property, while in this suit it is a decree declaring the sale effected by Klein absolutely null and void. But the two demands, though different in terms, are in substance the same, and are founded upon the same cause of action, viz., the total illegality of the sale, whether threatened or accomplished. The demand in the later action is simply altered to conform to the fact that there had been a sale of the property, while the demand in the former suit was based upon the fact that there had not been a sale, and the relief demanded was an injunction to prevent such sale. In substance and effect the thing demanded is the same in both cases.

It is contended, however, that the ground now urged for the illegality of the sale, namely, a long prior dedication of the property to public use, is of a totally different nature from the grounds which were set up in the chancery suit; that the city there appeared in a different capacity from that in which it now appears, and that it was, therefore, unnecessary to allege or prove this ground in that suit, and that a judgment in the former suit in favor of the right of Klein to sell this property does not conclude the city from proving that he had no such right by reason of the character of the property sold. Although the city has been more than fifteen years in discovering this defence, yet, nevertheless, it is now argued that a judgment against the city in the chancery suit being a judgment against

it in a different capacity from that in which it appears in this action as a trustee for the public, the rule applies in such a case as it sometimes does in the case of a judgment against A B, in relation to property held by him as executor or as trustee, which would be no evidence for or against A B in his individual and personal capacity. *Collins* v. *Hydorn,* 135 N. Y. 320. Although there are exceptions even to that rule. *Morton* v. *Packwood,* 3 La. Ann. 167; *Fouché* v. *Harrison,* 78 Georgia, 359.

We think there is no double capacity in this case, and that the city appears in the same character and capacity in both these suits, and that in this suit it is bound by the judgment in the chancery suit.

The title to land which has been dedicated to public use, as for a highway or public square in a city, is in the city as trustee for the public, and it has been held, in the case of such a dedication of land in a proposed city, to be thereafter built, that the fee will remain in abeyance until the proper grantee or city comes *in esse,* when it will vest in such city. A dedication to the public may exist where there is no city or town or corporate entity to take as grantee, and in such' case, while the fee may remain in the individual who dedicates the land, he will be estopped from setting it up as against the public who may be interested in the use of the land according to its dedication. Nevertheless, when a dedication is made in an existing city, the city takes title as trustee. These statements are borne out by the following cases: *Pawlet* v. *Clark,* 9 Cranch, 292; *Beatty* v. *Kurtz,* 2 Pet. 566; *Cincinnati* v. *White's Lessee,* 6 Pet. 431, 435, 436; *Barclay* v. *Howell's Lessee,* 6 Pet. 498; *New Orleans* v. *United States,* 10 Pet. 662; *Police Jury* v. *Foulhouze,* 30 La. Ann. 64.

Although the city holds property of such nature in trust for the public, that fact does not distinguish it from the character or capacity in which the city holds its other property, so as to bring the case within the meaning of the rule that a judgment against a man as an administrator does not bind him as an individual. The city holds all property which it owns, as trustee for the public, although certain classes or kinds of property, such as the public streets, the public squares, the court

house and the jail, cannot be taken on execution against it, for reasons which are plain to be seen. Such property is so necessary for the present and daily use of the city as the representative of the public, as well as for the use of the public itself, that to allow it to be taken on execution against the city would interfere so substantially with the immediate wants and rights of the public whose trustee the city is, and also with the due performance of the duties which are imposed upon the city by virtue of its incorporation, that it ought not to be tolerated. Other property which the city might hold, not being so situated, might be taken on execution against it, but it nevertheless holds that very property, as trustee. It holds it for the purpose of discharging in a general way the duties which it owes to the public, that is, to the inhabitants of the city. The citizens or inhabitants of a city, not the common council or local legislature, constitute the "corporation" of the city. 1 Dillon on Municipal Corporations, 3d ed. sec. 40. The corporation as such has no human wants to be supplied. It cannot eat or drink or wear clothing or live in houses. It must as to all its property be the representative or trustee of somebody or of some aggregation of persons, and it must, therefore, hold its property for the same use, call that use either public or private. It is a use for the benefit of individuals. A municipal corporation is the trustee of the inhabitants of that corporation, and it holds all its property in a general and substantial, although not in a strictly technical, sense in trust for them. They are the people of the State inhabiting that particular subdivision of its territory, a fluctuating class constantly passing out of the scope of the trust by removal and death and as constantly renewed by fresh accretions of population. The property which a municipal corporation holds is for their use and is held for their benefit. Any of the property held by a city does not belong to the mayor, or to any or all of the members of the common council, nor to the common people as individual property. If any of those functionaries should appropriate the property or its avails to his own use, he would be guilty of embezzlement, and if one of the people not clothed with official station should do the like, he would be guilty of larceny. So we see

that whatever property a municipal corporation holds, it holds it in trust for its inhabitants, in other words, for the public, and the only difference in the trust existing in the case of a public highway or a public square, and other cases, is that in the one case the property cannot be taken in execution against the city, while in other cases it may be. The right of the city is less absolute in the one case than in the other, but it owns all the property in the same capacity and character as a corporation, and in trust for the inhabitants thereof. Views similar to these have been heretofore substantially expressed by the late Judge Denio, in speaking for the Court of Appeals of New York in *Darlington* v. *Mayor*, 31 N. Y. 164.

From these considerations we are of opinion that there is no difference in the character of the title by which a municipal corporation holds these two classes of property, but there is simply a difference in the power which such corporation can exercise over its property in the two cases. That difference arises from the peculiar nature of the use of the property, which in the one case requires it to be inalienable and not liable for the debts of the city, while in the other case it is open both to alienation and to sale under execution. In each case the character or capacity in which the city in fact holds the title is the same.

We, therefore, think the former judgment should have been admitted in evidence upon the trial of this action. By that judgment it conclusively appears that this property was legally sold upon the execution on Klein's judgment, and that the purchaser at the sale obtained a title which was good. This title the plaintiff in error now owns, and it must prevail against the claim of the city.

*The judgment of the Supreme Court of Louisiana must be reversed, and the cause remanded to that court for further proceedings not inconsistent with the opinion of this court, and it is so ordered.*

MR. JUSTICE McKENNA did not hear the argument, and took no part in the decision of this case.