STATE OF NEBRASKA, APPELLANT, v. FIRST CATHOLIC CHURCH OF LINCOLN ET AL., APPELLEES.

FILED NOVEMBER 26, 1910. No. 16,873.

Religious Societies: CONVEYANCES: VALIDITY. In the year 1869, the legislature passed an act authorizing the governor to execute deeds of conveyance to the trustees of churches or religious societies to which certain lots in the city of Lincoln had been assigned by the capital commissioners. Acting under such authority, the governor conveyed the lots in dispute in this action to certain named persons, as trustees, for the First Catholic Church of the city of Lincoln, which was not then incorporated. The trustees and their successors, by mesne conveyances, transferred the title to the property to the same society after its incorporation as a church organization. The society, previous to its incorporation, took possession of the property as soon as it was set over to them, and made valuable improvements thereon prior to the execution of the deed by the governor, in 1870, and has been in peaceable possession ever since, using the same for church and parochial school purposes, in strict accordance with the purposes of the sale by the state to its trustees. *Held*,

First, That the act of the legislature in providing that conveyances be made to "trustees of churches or religious societies" did not contemplate nor require that such religious societies should be incorporated before the state could be divested of its title.

Second, That the deed to the persons named as trustees vested the title in them for the use and beneficial interest of the society named in the trust and then existing.

Third, That the conveyances from the said trustees and their duly authorized successors to the church after its incorporation vested fee title in the church.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Arthur F. Mullen, Attorney General,* for appellant.

*A. J. Sawyer, T. J. Doyle* and *G. L. De Lacy, contra.*

*Smyth, Smith & Schall, amici curiæ.*

REESE, C. J.

The attorney general, having been previously directed by the state board of public lands and buildings so to do, filed his petition in the district court for Lancaster county, in which it is alleged that the state acquired title to lots 7, 8 and 9, in block 65, in the city of Lincoln, on or about August 2, 1867, and under the provisions of an act of the legislature of June 14, 1867, and of an act approved February 15, 1869, respecting church lots, on the 6th day of September, 1870, sold and attempted to convey said lots to the First Catholic Church of Lincoln, and the deed of conveyance was made to Emanuel Hartig, Michael Hofmayer and Joseph Sands, as trustees of said church, and to their successors in trust therefor, and which deed was duly recorded in the deed record of Lancaster county; that the said Sands died intestate in the year 1882, and that Mrs. John Zimmerer and F. Joseph Sands are his children, and sole heirs; that after the execution of said deed P. W. O'Connor, James Ledwith and Thomas Heelan succeeded to said trusteeship, and as such attempted to convey the premises to the Right Reverend James O'Connor, the then bishop of the Catholic diocese of Nebraska, and to his successors in trust, as such bishop, for St. Theresa Congregation, which was the same organization as the said First Catholic Church, and that said deed was duly recorded;

that thereafter the Catholic diocese of Nebraska was divided, and the diocese of the city of Lincoln was established, and the Right Reverend Thomas Bonacum was duly made the first Catholic bishop of Lincoln, and on October 4, 1888, the said Bishop James O'Connor undertook to convey said premises to said Bishop Thomas Bonacum, which deed of conveyance was duly recorded; that thereafter on the 13th day of December, 1906, the said Bonacum, as bishop of Lincoln, attempted to convey the said premises to the First Catholic Church of Lincoln, otherwise known as St. Theresa Pro-Cathedral, the deed of conveyance being duly recorded in the proper deed records of Lancaster county. It is further alleged that the said First Catholic Church of Lincoln, alias St. Theresa Pro-Cathedral, was not legally incorporated at the time of the attempted conveyance by the state to its trustees, nor until about the month of December, 1906; that while the said church at all times maintained a church building and parochial school upon said premises, expending large sums of money in the construction of improvements thereon, and while the said property was constantly and permanently used for said church and school purposes, yet, the church not having been incorporated, it could not legally receive nor hold the property so conveyed to its trustees by the state, and, for that reason, it never acquired the title thereto, the title at all times remaining in the state, notwithstanding said church was at all the time referred to a *de facto* corporation; that the said Michael Hofmayer, one of the original trustees and a Benedictine father of the Catholic church, died in the year 1902, leaving no descendants, and his collateral heirs are unknown; that Emanuel Hartig and the heirs of Sands claim some interest in the property, by the conveyance and descent, but that their rights are denied by the state. The prayer of the petition is that the pretended deed from the state to the trustees of the then unincorporated church, and the subsequent conveyances, be canceled, set aside, and held for naught, and the title of the state quieted.

The defendants Sands and Zimmerer entered their voluntary appearance, and answered, disclaiming any title to or interest in the property, and asking that they be acquit of all costs. Similar action was taken by Hartig. The defendant First Catholic Church of Lincoln, alias St. Theresa Pro-Cathedral, answered, admitting substantially all the averments of the petition as to the conveyances, the absence of incorporation, etc., and averred that at the time the deed was made by the state to the trustees the defendant was a *de facto* corporation, at all times having a complete organization, and that the said trustees could and did hold the title to said property for it, that the church building has and had been at the time of the conveyance duly dedicated as such, that services had ever since been regularly held therein by the congregation composing the organization, and that the deed by the state was a valid conveyance and vested the title to the property in the church and its trustees. The acts of the legislature of June 14, 1867 (laws 1867, p. 52), and February 15, 1869 (laws 1869, p. 276), giving the authority for the conveyance, are cited and referred to by the title, but need not be further noticed here. It is claimed that full authority existed for the conveyance, that the state was thereby divested of its title to the property, and that through the conveyances the defendant became and is the absolute owner thereof, the trustees acting in no other capacity than as such trustees, and claiming no right nor authority over the property other than as the holders of the title in trust. All unadmitted averments of the petition are denied. The defendant, further answering by way of cross-petition, sets out substantially the same historical facts as are contained in the petition, with the exception that in the description of the property lot 10 is included as a part of the premises "described in the plaintiff's petition," but which does not therein occur; that the said lots were duly and regularly sold to defendant and conveyed as aforesaid by absolute deed; that all the conveyances prior to the vesting of the title in defendant were made in trust

for it and its use and benefit, and that it was and is the owner of the property. It is further set out that in an action pending in the district court for Lancaster county on the 14th day of December, 1906, which was an application of said church for authority to sell the said real estate, the court having full jurisdiction of the subject matter and of all the parties interested in said real estate, it was duly adjudged and decreed that the defendant was the owner in fee of the said lots 7, 8, 9 and 10, in block 65, in said city of Lincoln, and said title was adjudicated and confirmed in defendant, which said judgment and decree remain in full force and effect. It is alleged that the claims of the plaintiff are an interference with the free exercise, use and enjoyment of said premises by defendant, and the prayer is that the title to said property be quieted in said defendant church, as against the state and all other defendants. The state demurred to the answer of the church, assigning as the grounds therefor that the averments therein failed to state a defense to the petition. The demurrer was overruled, and, the state standing on its demurrer, a decree was entered in favor of defendant church. Plaintiff appeals.

The case has been elaborately briefed and argued at the bar of the court by the parties to the suit, and a comprehensive brief has been filed by Messrs. Smyth, Smith and Schall, as friends of the court, and as representing clients of theirs who, it is claimed, are interested in the result of the action for the reason that defendant claims to have made a contract with them for the sale of the property in dispute. It is stated in this brief that "there is nothing in controversy between the plaintiff and the defendants. It is purely a moot case, brought by the direction of the board of public lands and buildings, at the instance and request, as we think, of Bishop Bonacum. It is not even a moot case, so far as the plaintiff and the defendants are concerned, because in such a case there is something submitted for decision, while in this case there is nothing to submit for decision, as far as they are con-

cerned. Yet," it is said, "if this court should permit this case to be maintained, its action will be presented in the ecclesiastical tribunal, we fear, as a decision adverse to our clients of the points involved between them and the bishop, and we respectfully submit that this court should not be used to serve such a purpose."

We frankly admit that, if it were shown that the suit does not present conflicting interests between the parties to it, we would hesitate to take jurisdiction, even on appeal, but we are unable to find any evidence in the record that such is the case. The action is brought by and under the direction of the board of public lands and buildings, and it was evidently their intention to procure a settlement of the question of the title to the property. It is clear from the issues presented that the demands of the parties are adverse. The fact that the suit may be a friendly one, if true, would not of necessity render the suit a moot case. See sections 567 and 569 of the code. In *Adams v. Union R. Co.,* 21 R. I. 134, 44 L. R. A. 273, it is said: "A moot case is one which seeks to determine an abstract question, which does not rest upon existing facts or rights. Where a concrete case of fact or right is shown, we know of no principle or policy of law which will deprive a party of a determination simply because his motive in the assertion of such right is to secure such determination. It is a matter of common practice." We are also unable to see how a decision of this action in favor of defendant could by any course of reasoning affect adversely the rights of the third party to whom reference is made in the brief. If, as is claimed in the brief, there is a dispute as to whether a certain contract has been entered into, that question must be for the civil courts alone, and no ecclesiastical tribunal has any jurisdiction or power to adjudicate the question. If the property in question belongs to the state, this action would settle the question in its favor. If it belongs to the defendant, the decision must be equally conclusive. It is quite true that there is no controlling question of fact presented. The litigation pre-

sents only questions of law.  Was the effort of the state officers to transfer the title effective?  If so, was the title finally acquired by the church?

It is shown by the pleadings of both parties that the conveyance was made by the state to the three trustees of the First Catholic Church of Lincoln, the grant being unto said trustees "and their successors in trust for said church," as appears from a copy of the deed set out at length in the petition; that at that time the church was not incorporated, but was an organized association or body of worshippers occupying the property for the purpose of public worship according to the usages, forms and rites of the Roman Catholic church, and that such occupation and method of worship has been retained and practiced from that time (1870) to the present, the same organization having been since said date duly incorporated and the property conveyed to it by the legal successors in trust.   The persons named were the recognized trustees of the church, and they, and their successors, so continued. The conveyance was in pursuance of a sale of the property under authority of law by the state to the trustees for the church.   This conveyance was made in pursuance of the act of the legislature approved February 15, 1869 (laws 1869, p. 276), which approves the acts of the commissioners in "settling upon three lots in the town of Lincoln, for the use of each of the several religious denominations" and authorizes the governor to execute deeds of conveyance "to the trustees of those churches or religious societies, as soon as they shall have erected on those lots a building for public worship:   Provided, said building shall be erected within two years."   The deed bears date September 6, 1870, which was within less than two years after the passage of the act, and it is alleged in the answer that, prior to the time of the execution of the deed to lots 7, 8 and 9, the church had erected thereon a substantial brick church building which had been dedicated to the use of public worship.  As the act of the legislature provided for the conveyance of "church lots" to the trus-

tees of "religious societies" without requiring them to be incorporated, it is clear that the conveyance was in strict compliance with the law. However, had that provision not been contained in the act, it is doubtless the law that the trustees could hold for an unincorporated society. *Municipality of Ponce v. Roman Catholic Apostolic Church*, 210 U. S. 296, 314; *Werlein v. New Orleans*, 177 U. S. 390, 401; *Ould v. Washington Hospital for Foundlings*, 95 U. S. 303; *Trustees for Vincennes University v. State of Indiana*, 14 How. (U. S.) 268; *Beatty v. Kurtz*, 2 Pet. (U. S.) *566.

The title to lot 10, in block 65, is not in dispute in this action, the state making no claim to it, nor does it appear that any one is claiming it adversely to the defendant. The district court, upon the averments of defendant's cross-petition, found the title to be in it, and the decree in that behalf will not be reviewed nor molested.

The decree of the district court is

AFFIRMED.