**MENDEZ v. BAETJER et al.**

No. 3383.

Circuit Court of Appeals, First Circuit.

Aug. 2, 1939.

Writ of Certiorari Denied Dec. 4, 1939.

See 60 S.Ct. 263, 84 L.Ed. ——.

Henry G. Molina, of San Juan, P. R. (A. Ortiz Toro, of San Juan, P. R., and Nelson Gammans, of New York City, on the brief), for appellant.

E. T. Fiddler, of San Juan, P. R. (Herbert S. McConnell, of San Juan, P. R., on the brief), for appellees.

Before WILSON and MORTON, Circuit Judges and PETERS, District Judge.

WILSON, Circuit Judge.

This case is here on appeal from a decree of the United States District Court for Puerto Rico, dismissing the plaintiff's complaint. The decree was entered July 13, 1938.

The plaintiff's complaint was filed in the District Court of Humacao, Puerto Rico, December 28, 1937. The defendants filed a petition for removal to the United States District Court for Puerto Rico on January 25, 1938, together with a removal bond.

A transcript of the record was filed in the District Court of the United States on February 1, 1938. On February 10, 1938, the plaintiff then moved to remand the case to the Insular District Court, which was denied.

On May 19, 1938, the plaintiff filed a motion stating that he elected to proceed with the case on the law side of the court. On the same day the appellees filed a motion that the plaintiff comply with Rule 8, and a motion to dismiss, which were heard together. Rule 8 provides as follows:

"Within 10 days after the mailing of the written notice of removal as aforesaid plaintiff shall elect whether the case shall be prosecuted in law or in equity and shall within the said period of time file in the office of the clerk of this court such reformed pleadings as may be necessary to conform to the practice of this court. The defendant shall have 10 days from the date of the filing of such reformed pleadings and service thereof upon the defendant in which to plead thereto. In all actions so removed in which the plaintiff shall fail to file reformed pleadings as aforesaid, the court shall, upon the suggestion of the defendant require plaintiff by order to reform his pleadings and to make an election within five days after the making of such order. Should plaintiff then fail to make such election, and reform his complaint, the cause may be dismissed on the motion of the defendant."

The District Court did not pass on either motion, owing to a prior proceeding between the same parties or their privies, of which the District Court, by agreement of the parties, took judicial notice, and which the District Judge held might determine the result of this case.

The prior proceedings referred to came before this court under the title of Mendez v. Eastern Sugar Associates, see 1 Cir., 89 F.2d 399. Zoilo Mendez Rios, one of the respondents in that action, is the plaintiff in these proceedings. His interests are the same in these proceedings as in the prior action. Therefore, whether he proceeds jointly as co-heir with his brother, Manuel, or individually, or as grantee of his brother's interest in the land over which the railroad runs, can make no difference as to him in applying the rules as to res judicata.

The plaintiff, Eastern Sugar Associates, in the former action sought to quiet title to its right to a railroad and a right of way across certain fincas of the respondents known as Union or Islote and Collazo, and to use said railroad in connection with its central located on property of the plaintiffs known as Central Juncos, or Hacienda Solitaria. A copy of a sketch of the properties referred to and their location appears on page 402 of the opinion in the former case and may be referred to in this case.

In the prior action the plaintiff and his brother, Manuel Mendez Rios, jointly filed a cross complaint stating that the location of the railroad referred to in the petition of the Eastern Sugar Associates on the land of the respondents was only by permission of their father, and that since his death they, as his heirs, had revoked such permit and had demanded that a proposition to continue to use said railroad across their land made by them to the petitioners be accepted, or they would proceed to remove the tracks.

The District Court heard the parties at great length and issued the following decree:

"(1) That the petitioning trustees of Eastern Sugar Associates are entitled to,

and have a perpetual easement for a railroad over the properties 'Islote' and 'Collazo', described in paragraphs V and XII respectively of the findings of fact filed herein, as servient tenements respectively, in favor of The Juncos Central property described in paragraph IV of the findings of fact as dominant tenement, for the railroad now appurtenant to the Juncos Central property, superior to any claim which the respondents or either of them, or any person claiming title under or by virtue of title derived from said respondents, has or may have to the aforesaid servient tenements.

"(2) That the aforesaid respondents Zoilo Mendez Rios and Manuel Mendez Rios, and each of them, their agents, employees, attorneys and servants, and any person or persons claiming title under or by virtue of title derived from said respondents, be and they hereby are, perpetually enjoined and restrained from interfering with petitioners' use, possession and enjoyment of such railroads and such rights of way."

One of the issues raised in these proceedings now before this court is whether the judgment in the prior action is res judicata in this action. If so, it disposes of this case.

The rule as to what will constitute res judicata was first stated in Cromwell v. County of Sac, 94 U.S. 351, 352, 353, 24 L.Ed. 195, in which the Court said:

"There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter *which might have been offered for that purpose.*" (Italics supplied.)

This has been followed in numerous cases. In Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069, the court, in distinguishing between

the effect of decisions where the parties and the cause of action are the same and a case where the parties are the same but the cause of action is different, said:

"The effect of a judgment or decree as res judicata depends upon whether the second action or suit is upon the same or a different cause of action. If, upon the same cause of action, the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit between the same parties or those in privity with them, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented. But if the second case be upon a different cause of action, the prior judgment or decree operates as an estoppel only as to matters actually in issue or points controverted, upon the determination of which the judgment or decree was rendered. Cromwell v. County of Sac, 94 U.S. 351, 352, 353, 24 L.Ed. 195; United States v. Moser, 266 U.S. 236, 241, 45 S.Ct. 66, 69 L.Ed. 262."

Also see Rancourt v. Panco Rubber Co., 1 Cir., 46 F.2d 625; United States v. California & Oregon Land Co., 192 U.S. 355, 24 S.Ct. 266, 48 L.Ed. 476.

An application of this rule is frequently stated as follows: that it includes not only a case where the cause of action and the parties are the same, but that the judgment in the prior litigation is res judicata, not only as to every matter which was offered and received to sustain or defeat the prior suit, but also as to any other matter which might have been offered for that purpose.

It is incumbent on the party bringing an action to present in support of his asserted right every available ground of which he had knowledge at the time of bringing his action. He is not at liberty to prosecute his claim by piecemeal, or by presenting at one time only part of every available ground, and reserve other grounds for another suit in case of failure in the first. Werlein v. New Orleans, 177 U.S. 390, 398, 20 S.Ct. 682, 44 L.Ed. 817; United States v. California & Oregon Land Co., supra, 192 U.S. page 358, 24 S.Ct. 266, 48 L.Ed. 476.

If the ground not put forward in the prior action was available, "the appellant

must abide by the rule that a judgment upon the merits in one suit is res judicata in another where the· parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069; United States v. Moser, 266 U.S. 236, 241, 45 S.Ct. 66, 69 L.Ed. 262; Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195." Grubb v. Public Utilities Comm., 281 U.S. 470, 479, 50 S.Ct. 374, 378, 74 L.Ed. 972.

This is a salutary rule, the purpose of which is to end litigation.

■ "The national· courts are committed to the doctrine that a judgment or decree upon the merits concludes the parties and their privies as to all the *media concludendi* or grounds for asserting the right known when the suit was brought. Baltimore S. S. Co. v. Phillips, supra; United States v. Cal. & Ore. Land Co., 192 U.S. 355, 24 S.Ct. 266, 267, 48 L.Ed. 476. [Italics supplied.]

"A party. seeking to enforce a cause of action must present to the court, either by pleading or proof or both, all the grounds upon which such cause of action is predicated. He is not at liberty to split up his demand and prosecute it by piece-meal or to present a part of the grounds upon which such cause of action is founded and leave the rest to be presented in a subsequent suit if the first fails. Baltimore S. S. Co. v. Phillips, supra;· United States v. ·Land Co., supra; Calaf· v. Calaf, 232 U.S. 371, 34 S.Ct. 411, 58 L.Ed. 642; Werlein v. New Orleans, 177 U.S. 390, 20 S. Ct. 682, 44 L.Ed. 817; * * * Ledbetter v. Wesley, (C.C.A.8) 23 F.2d 81, 86, 88." Vinson v. Graham, 10 Cir., 44 F.2d 772, 778.

In State ex rel. Gladwin v. Cheney, 67 Wash. 151, 121 P. 48, 50, the court said:

"When the court has jurisdiction of a whole subject-matter, a duty rests upon the litigant to so conduct his case as to bring the controversy to a final termination."

Also see Columb v. Webster Mfg. Co., 1 Cir., 84 F. 592, 43 L.R.A. 195.

■ There is an obvious distinction between grounds of an action and a cause of. action. A single cause of action may be based on several grounds, in which event, whether actually litigated or not, they are all merged in the judgment which bars a new action for the same cause of action, though on a different ground from the first. Freeman on Judgments, 5th Ed., Vol. II, pp. 1437, 1438.

■ The principles laid down in the above citations apply to the case at bar. In the former proceedings between these parties the issue was over the right of the petitioners to continue to maintain and operate a railroad over the fincas of the respondents known as Union or Islote and Collazo, and to use the same for shipping sugar cane and supplies to their Central Juncos adjoining the finca, Islote, on the east. The Eastern Sugar Associates, successor of the Juncos Central, based its right in the former suit on a deed from Manuel Mendez Dueno, father of the respondents, and plaintiffs here, which provided as follows:

"First: Manuel Mendez Dueno * * grants to The Juncos Central Company, its successors or assignees, a perpetual right of way for a railroad line through, upon and across all and every one of the parcels hereinbefore described. * * * The aforesaid servitude, as has been stated, is perpetual in character and is constituted in favor of the rural property described in the third paragraph of the expositive part (of this document) as dominant tenement, and which is owned by The Juncos Central Company, being permitted in virtue of said servitude to run freely over the roads established the cars and engines of The Juncos Central Company, *without any restriction whatsoever,* and said railroad may be repaired and conserved as required by the necessities of the service." (Italics supplied.)

■ Defendants point out that from the express language of this deed the parties contemplated, not a mere servitude, which would permit the defendants' ingress and egress from the Juncos Central Company, but the servitude for a railroad line over which the Juncos Central Company, its successors and assigns, might run their cars and engines freely *without any restrictions whatsoever.* Plainer language could scarcely have been used. The deed was prepared by the attorney for Manuel

Mendez and must be construed more strongly against him.

In the former suit the issue raised by the petitioners was whether the petitioners had a right of way for their railroad over the adjoining property on the west, known as Islote and other properties of the respondents referred to as Collazo. In the cross complaint of Zoilo Mendez Rios and his brother in the prior action, they set up the claim that the petitioner, the Eastern Sugar Associates, had no right to maintain its tracks over the properties described as Islote and Collazo, and to transport sugar cane, sugar and supplies over said railroad.

The District Judge decided the Eastern Sugar Associates had the *unrestricted right* to maintain its railroad over the finca known as Islote and the *unrestricted right* to use the same.

Zoilo Mendez Rios, one of the plaintiffs in the cross action filed in the prior case, now sets up the claim in this action that, granting the prior case is *res judicata,* as to the Eastern Sugar Associates having a right of way for a railroad over the fincas, Islote and Collazo, and the right to transport sugar cane over said railroad to its central on Juncos Central property and supplies thereto, and to transport sugar from the Juncos Central, it is now proposing to make an illegal use of said railroad and right of way by transporting over it machinery, fertilizer and supplies, not only to its central on the Juncos Central property for the benefit of which the servitude was granted, but to and from other points and properties to other centrals; and it is this use for which it now seeks to recover damages; but he does not allege that the use now complained of is any different from that being conducted and maintained at the time of the deed from Manuel Mendez Dueno, father of the petitioners, to the predecessor in title of the Eastern Sugar Associates, or at the time the prior action was brought. At least, the plaintiff, who has lived all his life on the finca Islote, must have known of the nature and extent of that use long before the prior action was brought. He and his brother were therefore bound in the prior action to set forth in their cross complaint, not only the claim that the Eastern Sugar Associates has no right to maintain this railroad over his finca Islote and to use it for transporting sugar cane and sugar, but should have also included in it what he now claims is an additional and illegal use of said railroad as a basis for any claim for damage, in order that the entire issue might be settled in one action. In other words, he split up his claim by alleging that the respondent was not only unlawfully using the alleged right of way by maintaining the railroad thereon, but conceding the servitude, the plaintiff now claims that the Eastern Sugar Associates is using the railroad in a manner not authorized by the deed of his father to the Juncos Central Company in 1917, which the law laid down in the authorities cited supra may not permit him to do and escape the defense of res judicata.

■ Failing to obtain an injunction and damages in the previous action under the cross complaint, the plaintiff as an individual, now seeks to obtain damages for what he claims is an additional and unlawful use of the railroad, viz.: the transporting of machinery and supplies over said railroad to other properties, of which alleged unlawful use he must have been fully aware at the time of the filing of the cross bill in the prior suit; yet he has reserved this unlawful use as a basis for a further claim for damages. The rule is that, to escape a defense of res judicata in a second suit between the same parties for the same cause of action, the plaintiff must have offered evidence of every ground within his knowledge for maintaining his cause in a prior action, or if he fails to do so the court will apply the rule laid down in the cases cited supra, that a judgment in a prior action is res judicata as to every claim actually offered in evidence, but also as to every claim which might have been tried out.

In the cross action filed by the plaintiff, Zoilo Mendez Rios, and his brother, Manuel, in the prior suit in equity brought by the Eastern Sugar Associates to quiet its title to the right of way across the finca Islote, it is alleged that the Eastern Sugar Associates and its predecessors in title had used in the railroad across their land, viz.: the fincas Islote and Collazo, by permit or license of their father; that since his death they had revoked said permit, yet the Eastern Sugar Associates has continued wrongfully to use said railroad; that in consequence of said wrongful use

of said railroad they have suffered irreparable loss and damage and pray that the Eastern Sugar Associates be enjoined from further wrongful use to avoid a multiplicity of suits. That the permit to use the railroad and to have a right of way over the fincas Islote and Collazo was revocable by his heirs, was controverted by the deed of the father granting to the predecessor in title of the Eastern Sugar Associates the unrestricted right to use said railroad and to cross the fincas Islote and Collazo.

The District Court, after a hearing, issued the decree hereinbefore referred to.

According to the information and belief of the plaintiff, Zoilo Mendez Rios, the Eastern Sugar Associates proposes to transport in the future cane to other centrals than the Central Juncos. There is no basis for trial at law for damages which it is clear from his complaint is limited to damages that may arise in the future.

The District Court held that, if the plaintiff is entitled to any relief for future injury, it must be given to him in equity by injunction prohibiting such use, but further held that, sitting as a court of equity, he would not be justified on the evidence in giving the injunctive relief which the plaintiff apparently must have to obtain the relief he seeks. While the plaintiff states that, *upon information and belief,* the defendants have been wrongfully transporting across the property of the plaintiff, fertilizer, machinery, farming implements and other materials to their properties other than the Juncos Central property, yet he nowhere alleges that it is a fact which the defendants were obliged to deny, or which raises an issue to be heard and decided.

In an apparent effort to avoid the defense of res judicata, Zoilo Mendez Rios has brought this action in his individual capacity, and has alleged an additional use of said railroad and right of way, which he claims was not involved in the prior litigation.

To avoid the defense that the parties are the same, the plaintiff has joined three other colonos, whose pleadings indicate they have no interest in the outcome of the suit, but are merely nominal defendants. So far as the actual parties and issues are concerned, the District Court must have found that they are the same as in the prior action.

The statement that it is proposed to use the railroad for other purposes not authorized by the deed of the father to the Juncos Central Company in 1917 was clearly inserted to avoid the claim that this case is for the same cause as the prior proceedings; but we think it cannot prevail since the plaintiff must have known of such use long prior to the filing of their cross complaint in the prior action.

Except by the agreement of the parties, the issue before this court on the pleadings was on the defendants' motion that the plaintiff comply with Rule 8, and the motion to dismiss; but the District Court, by agreement of the parties, and by judicial notice of the proceedings before it in the prior case, also considered the question of whether in the prior action the same issue raised by the plaintiffs' cross complaint is also included in the present suit, which is brought by Zoilo Mendez Rios, one of the plaintiffs in the cross action, whose interests and rights are joint with or have been derived from his brother, Manuel, since the prior action. Since the plaintiff must have been fully aware of the uses which the defendants made of the railroad before this action was brought, he is bound as to them by the judgment in the prior case. The prior judgment, therefore, is res judicata in these proceedings as to all matters which might have been offered on the issues in the prior case.

The District Court did not decide the question of the failure of the petitioners to comply with Rule 8 of the United States District Court for Puerto Rico, or the motion of the defendants to dismiss the complaint of the plaintiff in accordance with the provisions of Rule 8. By agreement of the parties the District Judge took judicial notice of the proceedings in the prior action and found that the plaintiff has failed to allege that the use complained of in these proceedings is any different or any greater than was the use approved in the final decree in the prior proceedings.

How long this alleged wrongful use has been going on does not appear, but from the facts set forth in the plaintiff's complaint, if true, it cannot have been

of recent origin, and since the plaintiff lived all his life on the finca Islote and within a short distance of the railroad and its right of way, which has been in controversy in both proceedings, the failure of the plaintiff to present the alleged wrongful use of the property of which he now complains, has resulted in the splitting of his cause of action and the unnecessary delay and expense thereby imposed on these defendants, and establishes such a lack of diligence to enforce the right, if any, which he now seeks to enforce, which appeals with compelling force to the discretion of a court of equity in denying an injunction in this case, which is the only remedy available to the plaintiff. Guardian Trust Co. v. Kansas City Southern Ry. Co., 8 Cir., 171 F. 43, 28 L.R.A.,N.S., 620. The issuance of or a refusal to issue an injunction lies within the sound discretion of the court. We cannot find that, upon the facts appearing, the court's discretion was clearly abused in this case.

It is suggested in the brief of the defendants that the railroad running westerly from Juncos Central Company is a part of a larger system of railroads covering much of the surrounding territory and in use by agreement by other parties, which, however, does not appear in the record of this or of the prior case.

It may be unfortunate for the plaintiff that the record is so indefinite as to the location of the other centrals to which he claims it is proposed wrongfully to transport supplies and the exact nature and extent of any wrongful use; but the plaintiff initiated the proceedings and the burden was on him to prove his contentions. The District Court was confined to the record in the case on which to base its decree.

We think the suit brought by the plaintiff is barred by the judgment in the former action, and that there was no proof of any abuse of discretion on the part of the District Judge in refusing the only remedy that could give the plaintiff the relief he seeks. This being so, the motion to remand the case to the Insular District Court was properly denied and his complaint was properly dismissed.

The judgment of the United States District Court for Puerto Rico is affirmed with costs.